United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CORY FULLER,

    Defendant.

Case No.: CR 12-71321-MAG (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Cory Fuller is charged in a criminal complaint with violations of 21 U.S.C. §§ 841(a), 846 (conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance). On December 21, 2012, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On December 21, 2012, the court conducted a detention hearing. Defendant was present, in custody, and represented by Laura Robinson. Assistant United States Attorney Wade Rhyne (for Kevin Barry) appeared on behalf of the Government. The Court notes that Defendant is currently on supervised release. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle

that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances of the Offense**

The offenses charged in this case are possession of a controlled substance with the intent to distribute and conspiracy to possess with the intent to distribute, which gives rise to a rebuttable presumption of detention. 18 U.S.C. §§ 3142(e)(2), (f)(1)(E). The presumption of

detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

In addition, since Defendant allegedly committed this offense while on supervised release, U.S. Probation Office is will be filing a Form 12 seeking the revocation of Defendant's term of supervised release.

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 38 years old and was residing with his wife and two minor children in Oakland, California. He has been reportedly unemployed for most of his adult life, having only worked in for an unknown temporary agency in Alameda, California for two months in 2011.

Defendant's criminal record dates back to 1993, when he sustained a misdemeanor conviction for receipt of stolen property. His other convictions include accessory to murder (felony), driving under the influence (misdemeanor), and possession for sale (felony). His 2004 conviction for possession for sale—reportedly for cocaine trafficking—resulted in a 100 month prison sentence and five years of supervised release, of which he spent more than six years in prison. Defendant was released in October 2010, and, as stated above, was on federal supervised release at the time of the instant offense, which suggests that he is not amenable to community supervision.

In addition, Contra Costa County Jail records indicate that Defendant is an acknowledged Central Richmond (8th Street) gang member.

Defendant's only proposed sureties were his mother and father, who were reportedly willing to sign signature bonds, but neither had been vetted or approved by Pretrial Services.

In light of Defendant's criminal history, Defendant's 2004 conviction for drug trafficking, the nature of the instant offense, and the fact that it occurred while Defendant was on supervised release, the Court finds that Defendant has not met his burden to dispel the presumption that he presents a danger to the community, and that there is a condition or combination of conditions that will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e), (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

DETENTION ORDER
CR 12-71321-MAG (KAW)   3

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 28, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 12-71321-MAG (KAW)         4